| tLOVE, J.
concurs.
I agree with the majority that the judgment of the trial court should be reversed and the plaintiffs’/respondents’ suit should be dismissed with prejudice. However, I disagree with the majority’s conclusion that La. R.S. 13:5129, being a special statute addressing the procedure for validating bonds, supersedes the general statute for nullifying judgments, La. C.C.P. arts. 2001 et seq. La. C.C.P. art.2004 provides that a final judgment obtained by fraud or ill practices may be annulled. Further, a judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court. However, in the case at bar, the plaintiffs petition fails to allege any ill practice, fraud, or other wrong doing in the procuring of the judgment. Therefore, although interpretation of La. R.S. 13:5129 does not extinguish the legal right to appear and assert all possible and available defenses, including an action for nullity, plaintiffs petition fails to state a cause of action in nullity pursuant to La. C.C.P. art 2004.